## THE PATRIA.

(District Court, S. D. New York.   October 24, 1902.)

1. SHIPPING — NONDELIVERY OF CARGO IN CONDITION AND QUANTITY SHIPPED.
Evidence considered, and *held* to show that damage to cargo during a voyage resulted from sea perils, and not from any negligence for which the ship was liable under the bills of lading; also that it failed to sustain libelant's allegation that the full quantity received on board was not delivered.

In Admiralty.   Action to recover for damage to cargo and for failure to deliver the full quantity received.

Carter & Ledyard, for libellants.

Benedict & Benedict, for claimants.

ADAMS, District Judge.   This is an action brought to recover damages for failure to deliver certain calf skins in the condition in which they were shipped and for the non-delivery of others.   The shipment was made at Marseilles, France, on the 5th day of April, 1901, on the steamship Patria, which reached New York and discharged her cargo about the end of the same month.   No allegation is made in the libel as to any improper stowage on the part of the vessel or other unseaworthiness, but the burden is thrown upon the vessel to show that there was no failure of duty on her part leading to the damage.   The steamship denies any liability therefor upon the grounds: (1) that there is no evidence that the skins were shipped in good condition; (2) that by reason of the perils of the seas encountered on the voyage, and notwithstanding proper stowage in all respects, certain casks of chloride of lime were broken and the contents stained, in a small degree, the skins in question, without any negligence on the part of the vessel, and (3) that the vessel was fully protected from the consequences of such damage by exceptions in the bill of lading.

The claimants contend that the evidence shows sufficient extraordinary weather to reasonably account for any damage that might have occurred during the voyage and that the damage did so occur, also that though some of the bundles were broken, they were made up again and all the skins received were actually delivered.   The libellants, while not disputing the stress of weather encountered by the ship, contend that it appears the skins arrived in New York in good order and that some were damaged during the discharge by being brought into contact with some loose chloride of lime in the hold, for which the ship is liable (The Germanic [D. C.] 107 Fed. 294) and that all the skins received were not in fact delivered.

In the absence of negligence on the ship's part, the exceptions in the bill of lading, in connection with the proof of sea perils, are sufficient to free the ship from liability for damage, and I can not find sufficient evidence in the case to sustain the libellants' claim with respect to negligence in discharging.   The evidence consists of a statement by the ship's first officer that some of the bales were dragged

¶ 1. Loss by perils of the sea, see note to The Dunbritton, 19 C. C. A. 465.

along the bottom of the hold in a net, but it does not appear that there was any substantial quantity of chloride of lime there at the time and the distance from where they were taken in the hold to the hatch was so short that very little damage, if any, could have been done in that way, even if it were proved that such a method were negligent, which is not the case. I find that the damage occurred by the breakage of some packages of chloride of lime during the voyage and that it must be ascribed to sea perils.

With respect to the claimed shortage, some of the packages were broken on the voyage and made up again by the ship before delivery. The libellants rely upon some testimony to the effect that as the invoice of the goods did not show that the number in the packages varied it should be presumed that there would be an even number of bundles to a certain number of skins and the same number of skins in each bundle. There is a conflict of testimony regarding the number of skins in the unbroken bundles and I do not consider the libellants' evidence sufficient to establish any shortage, in view of the uncertainty as to the number of skins shipped and proof tending to show that all were delivered which were received.

Libel dismissed.